# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

RICHARD BACQUIE Pro-Se, Plaintiff,

v.

THE CITY OF NEW YORK, Defendant,
OFFICER JOHN STEIN (TAX ID: 939536)
69TH PCT Defendant,
DETECTIVE CHRISTOPHER D. RICKFORD
(TAX ID:931036) 13TH PCT Defendant and
other unidentified members of the NYPD,
Defendant

INDEX NO.: _____

## VERIFIED COMPLAINT
### JURY TRIAL DEMAND

## VERIFIED COMPLAINT

Plaintiff, Richard Bacquie Pro-Se, brings this Verified Complaint against Defendants as follows:

### NATURE OF THE ACTION

1) This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the Fourteenth

   Amendment to the United States Constitution, seeking redress for egregious violations of

   Plaintiff's constitutional rights by members of the New York City Police Department

   (NYPD) and officials acting under color of state law.

2) Plaintiff Richard Bacquie was subjected to two separate unlawful arrests and criminal

   prosecutions initiated without probable cause and based on demonstrably false

   allegations. In both instances, Defendants failed to conduct even the most basic

   investigative steps, ignored exculpatory evidence, and permitted the prosecutions to

   proceed in reckless disregard of Plaintiff's constitutional rights.

3) Plaintiff was deprived of his liberty, denied due process, subjected to malicious prosecution, and denied equal protection under the law on the basis of gender. Despite presenting compelling documentary evidence and witness statements to law enforcement, Plaintiff's attempts to file a cross-complaint and to invoke the protections of a duly issued order of protection were disregarded, while the false reports of a female complainant were repeatedly credited without scrutiny

4) Defendants' conduct reflects a pattern of deliberate indifference, failure to investigate, and refusal to intervene in the face of clear constitutional violations, all of which caused Plaintiff to suffer significant personal, reputational, emotional, and financial harm.

5) Through this action, Plaintiff seeks compensatory and punitive damages, declaratory relief, and all other appropriate legal and equitable remedies to vindicate his rights and deter future misconduct.

## JURISDICTION AND VENUE

6) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7) Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the most significant event giving rise to Plaintiff's claims occurred in Kings and New York Counties, within the Eastern District of New York, being a felony indictment.

8) At all times relevant to this complaint, Defendants Rickford, Stein, and other unnamed officers were acting under color of state law in their capacity as law enforcement officers of the New York City Police Department.

9) Defendant City of New York is a municipality organized under the laws of the State of New York. Plaintiff asserts Monell liability against the City pursuant to 42 U.S.C. § 1983, on the grounds that the City maintained policies, customs, or practices that resulted in the violation of Plaintiff's constitutional rights, including but not limited to:

   a) Failing to train and supervise police officers in the handling of domestic-related accusations, as evidenced by Defendants Rickford and Stein's failure to investigate Ena Bacquie Wong's unreliable allegations (¶¶ 16, 28).

   b) Maintaining a gender-biased enforcement policy in harassment complaints, as shown by the disparate treatment of Plaintiff's exculpatory evidence compared to Ena's uncorroborated claims (¶¶ 67–70).

   c) Allowing police officers to initiate legal process based on uncorroborated and inconsistent accusations without investigation or exculpatory consideration, a practice condemned by Floyd v. City of New York, 959 F. Supp. 2d 540, 558 (S.D.N.Y. 2013) ("Reliance on vague or unreliable information, without corroboration, violates the Fourth Amendment"). This systemic failure enabled Plaintiff's false arrests and prosecutions, as officers ignored legal standards requiring corroboration. See People v. William II, 98 N.Y.2d 93, 99 (2002); Florida v. J.L., 529 U.S. 266, 271 (2000).

**PARTIES**

10) Plaintiff Richard Bacquie is a resident of the State of New Jersey located at 470 Broadway #306 Bayonne New Jersey 07002 and was at all relevant times a private citizen entitled to the protections of the Constitution and laws of the United States.

11) Defendant THE CITY OF NEW YORK located at Office of Corporation Counsel 100 Church Street, New York, NY 10007 is a municipal corporation organized under the laws of the State of New York and operates the New York City Police Department.

12) Defendant DETECTIVE CHRISTOPHER D. RICKFORD (Tax ID: 931036) is a member of the NYPD, assigned to the 13th Precinct located at 230 East 21st Street, New York, NY 10010, and acted under the color of state law at all relevant times.

13) Defendant OFFICER JOHN STEIN (TAX ID: 939536) is a member of the NYPD, assigned to the 69th Precinct located at 9720 Foster Avenue, Brooklyn, NY 11236, and acted under color of state law at all relevant times. The charges initiated by Officer Stein were later elevated following a grand jury indictment.

14) The identities of other officers involved are unknown and are therefore sued as John and Jane Does, for being identified during discovery.

# FACTUAL ALLEGATIONS

## I.     First Arrest – 13th Precinct: False Report and Improper Prosecution

15) On or about August 3, 2023, Ena Bacquie Wong reported to the New York City Police Department's 13th Precinct that Plaintiff, Richard Bacquie, had allegedly called her and threatened to kill her.

16) Defendant Detective Christopher D. Rickford (Tax ID: 931036) failed to undertake any investigation into the credibility or factual basis of the complaint. He made no attempt to obtain call logs, subpoena phone records, interview witnesses, or confirm Plaintiff's location at the time of the alleged incident.

17) Based solely on the unverified and false report, Detective Rickford sought and obtained a warrant for Plaintiff's arrest. A supervisory officer approved the warrant without ensuring that probable cause had been properly established. Detective Rickford willfully disregarded Plaintiff's phone records and failed to interview witnesses who could have provided exculpatory testimony.

18) After a discussion with the defendant Detective Christopher D. Rickford who stated, "You called your sister and threatened to KILL YOUR SISTER!", the plaintiff hired an attorney and On March 7, 2024, Plaintiff voluntarily surrendered to the 13th Precinct through legal counsel as a warrant was issued for the plaintiff. He was formally charged under New York Penal Law § 240.30(1) (Aggravated Harassment – Threats by Communication). (SEE EXHIBIT A First Complaint).

19) After Plaintiff's arraignment, the complaining witness, Ena Bacquie Wong, materially altered her statement to the District Attorney's Office. She claimed for the first time that Plaintiff had answered a phone at Bayonne Medical Center and made threatening statements to her. This new version directly contradicted her original claim that Plaintiff called her. (SEE EXHIBIT B Changed Complaint)

**20)** Documentary and testimonial evidence established that Plaintiff was working in East Rockaway, Long Island, until 3:00 PM on the date in question, while the alleged call occurred at 2:52 PM. It was physically impossible for Plaintiff to have answered a call from Bayonne Medical Center at that time.

**21)** A minimal investigation would have avoided an arrest for the plaintiff regarding the fabricated allegations.

**22)** Despite the presence of exculpatory evidence and material inconsistencies in the complainant's accounts, neither the NYPD nor the District Attorney's Office conducted any meaningful investigation or reassessment of the charges.

**23)** Ultimately, Plaintiff's defense counsel filed a motion to dismiss pursuant to CPL § 170.30(1)(e), citing violations of Plaintiff's speedy trial rights. On June 10, 2024, all charges were dismissed, and the criminal record was sealed under CPL § 160.50.(SEE EXHIBIT C Fist Dismissal)

**24)** The first arrest was the direct result of a false accusation, negligent investigation, and prosecutorial indifference, all of which unjustly deprived Plaintiff of his liberty and due process.

## II. Second Arrest – 69th Precinct: Retaliatory Complaint and Gender-Biased Enforcement

**25)** On May 10, 2024, Plaintiff hosted a funeral for his late mother in Brooklyn, New York without financial aid from any siblings. During the event, Ena Bacquie Wong and Plaintiff both had an active family court order of protection,

**26)** who arrived uninvited, accompanied by Sabrina Bacquie and James Howard that were also not invited to the funeral due to conflicts, and it was discovered James Howard was visibly armed and acting in an aggressive manner and was not restrained by either sibling.

**27)** Upon witnessing their presence and feeling threatened, Plaintiff immediately drove to the 69th Precinct. He reported the violation of the protection order and presented a valid, court-issued copy of the order to law enforcement officers at the precinct. Despite the clear documentation and apparent violation, officers took no action.

**28)** Concurrently, Ena Bacquie Wong called 911 and made a false complaint, claiming Plaintiff had approached and threatened her, then left the scene and filed the complaint with 75th Precinct and subsequently transferred or filed an additional complaint at the 69th Precinct on or about May 11th, 2024, the day of the actual burial services for plaintiff's mother.

**29)** Defendant Officer John Stein of the 69th Precinct contacted Plaintiff, who again submitted his protective order (SEE EXHIBIT D second complaint) and fully cooperated with law enforcement. Despite his cooperation and the documentary evidence presented, Officer Stein and his supervisors chose to arrest Plaintiff on August 15, 2024, as plaintiff surrendered to the defendant he was required to do so to satisfy the arrest warrant issued for plaintiff's arrest.

**30)** Plaintiff was charged with Criminal Contempt in the Second Degree under New York Penal Law § 215.50(3). He was later indicted on additional charges, including Criminal Contempt in the First Degree (§ 215.51) and Menacing in the Third Degree (§ 120.15), based on further conflicting statements by Ena Bacquie Wong. (SEE EXHIBIT E Grand Jury Testimony).

**31)** Officer John Stein was provided with a copy of plaintiffs New Jersey Restraining barring Ena Bacquie Wong from being within the vicinity of the plaintiff (SEE EXHIBIT H Emails to John Stein) and was also made aware that the plaintiff was hosting the funeral services for his mother, and Ena Bacquie Wong deliberately violated not just her restraining order but that also of the plaintiff. Officer John Stein took no action.

**32)** On September 9, 2024, the complainant testified before a grand jury and again altered her version of events, alleging that Plaintiff had to be restrained by an unnamed male after threatening to kill her. No independent witnesses corroborated her account. (SEE EXHIBIT E Grand Jury Minutes)

**33)** Following aggressive advocacy by Plaintiff's counsel, the District Attorney's Office interviewed several neutral witnesses, all of whom contradicted the complainant's narrative and confirmed Plaintiff's non-threatening demeanor and lawful conduct.

**34)** On March 14, 2025, the District Attorney's Office moved to dismiss all charges. The dismissal included the following charges (SEE EXHIBIT G Second Dismissal):

    a)  Criminal Contempt in the First Degree (§ 215.51)

    b)  Criminal Contempt in the Second Degree (§ 215.50(3)

    c)  Menacing in the Third Degree (§ 120.15)

35) Throughout the incident, the NYPD refused to take Plaintiff's counter-complaint regarding the presence and conduct of James Howard, including the fact that he was armed during the funeral. The plaintiff's lawful attempts to file a report and seek investigation were ignored.

36) The events of the second arrest again demonstrated a pattern of unlawful and gender-biased enforcement, as Plaintiff's protective order and exculpatory evidence were disregarded while false and retaliatory claims were blindly accepted and acted upon.

37) New York and federal law require police officers to have probable cause for arrests, supported by specific, articulable facts, and to corroborate complainant statements when reliability is questionable, particularly in familial disputes involving potential bias. See People v. De Bour, 40 N.Y.2d 210, 215 (1976) ("The officer's conduct must always be reasonably related to the circumstances justifying the intrusion"); People v. William II, 98 N.Y.2d 93, 99 (2002) ("When the informant's reliability or basis of knowledge is unclear, corroboration is necessary").

38) The U.S. Supreme Court has held that unverified allegations lacking indicia of reliability do not justify police action. See Florida v. J.L., 529 U.S. 266, 271 (2000) ("The tip must bear indicia of reliability, such as predictive information that the police can corroborate"). Similarly, People v. La Pene, 40 N.Y.2d 210, 224 (1976), requires "specific and articulable facts" for intrusive actions like arrests.

39) The Southern District of New York has condemned NYPD practices that rely on unreliable information without corroboration, finding such actions violate the Fourth Amendment. See Floyd v. City of New York, 959 F. Supp. 2d 540, 558 (S.D.N.Y. 2013) ("Reliance on vague or unreliable information, without corroboration, violates the Fourth Amendment").

40) Defendants Rickford, Stein, and other NYPD officers failed to verify Ena Bacquie Wong's allegations in both arrests (¶¶ 15–20, 27–31), despite her status as Plaintiff's sister in a contentious family dispute (¶¶ 15, 25–27) and her history of retaliatory complaints (¶¶ 19, 27). No investigation was conducted (e.g., phone records, witness interviews), even though Plaintiff provided exculpatory evidence, including an alibi (¶ 20) and a valid protective order (¶¶ 26, 28). This failure enabled false arrests and prosecutions, violating Plaintiff's constitutional rights.

# COUNT I

## False Arrest and Unlawful Imprisonment

## (42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)

## Against All Individual Defendants

41) Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42) This claim arises under 42 U.S.C. § 1983 for the violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to be free from unlawful seizure, false arrest, and unlawful imprisonment.

43) The plaintiff was falsely arrested on two separate occasions—first on March 7, 2024, by officers of the 13th Precinct, and again on August 15, 2024, by officers of the 69th Precinct. Both arrests were initiated based solely on uncorroborated, materially inconsistent, and facially unreliable allegations made by the same complainant, Ena Bacquie Wong.

44) In both incidents, Defendant officers failed to conduct even minimal investigatory steps before initiating Plaintiff's arrest. They made no effort to corroborate the complainant's statements through independent evidence, third-party witnesses, or verifiable documentation.

45) In the first arrest, Defendant Detective Christopher D. Rickford relied exclusively on the complainant's allegations to obtain a warrant for Plaintiff's arrest under Penal Law § 240.30(1), without verifying Plaintiff's phone records or confirming his physical presence at work—facts which would have conclusively demonstrated his innocence.

46) Defendant Detective Christopher D. Rickford simple investigation would have ultimately resulted in not arresting and charging the plaintiff in this matter, however Defendant Rickford discrimination of the plaintiff being a male with a prior history pledge the plaintiff guilty without and supporting facts causing the plaintiff injury.

47) In the second arrest, Defendant Officer John Stein ignored clear documentary proof of a valid order of protection issued in Plaintiff's favor against the complainant, and instead arrested Plaintiff under Penal Law § 215.50(3). Officer Stein also failed to investigate Plaintiff's report that the complainant had appeared at the scene with an armed individual and refused to accept a counter-complaint.

**48)** Defendant Officer John Stein refused to accept a counter-complaint from Plaintiff, despite the existence of a valid New Jersey restraining order protecting Plaintiff from Ena Bacquie Wong. and to investigate plaintiffs eyewitness account to James Howard being in possession of a firearm at the funeral services who threatened the plaintiff's safety.

**49)** In both instances, there was not a physical of witness corroboration against Richard Bacquie, nor lawful justification for arrest. All available evidence pointed to Plaintiff's innocence and to a pattern of false reporting by Ena Bacquie Wong, Plaintiff's sister, whose reliability was questionable due to familial animosity and retaliatory motives (¶¶ 19, 27). People v. De Bour, 40 N.Y.2d 210, 215 (1976), requires a "founded suspicion" based on specific facts, and Florida v. J.L., 529 U.S. 266, 271 (2000), mandates corroboration of unreliable allegations. Defendants' failure to investigate violated Plaintiff's Fourth and Fourteenth Amendment rights.

**50)** The arrests were made without probable cause, as Defendants Rickford and Stein relied solely on Ena Bacquie Wong's uncorroborated statements, ignoring Plaintiff's alibi (¶ 20) and protective order (¶¶ 26, 28). People v. William II, 98 N.Y.2d 93, 99 (2002), holds that probable cause requires corroboration when a complainant's reliability is unclear, as here in a sibling dispute. The officers acted unreasonably, arbitrarily, and in reckless disregard of exculpatory information, causing Plaintiff's unlawful seizure.

**51)** The Southern District of New York has held that NYPD reliance on unverified information, without individualized suspicion, violates the Fourth Amendment. Floyd v. City of New York, 959 F. Supp. 2d 540, 558 (S.D.N.Y. 2013). Defendants' failure to verify Ena Bacquie Wong's claims, despite her inconsistent statements and familial bias, rendered the arrests unconstitutional, amplifying the harm caused by her false allegations.

52) As a direct and proximate result of these unconstitutional arrests, Plaintiff was deprived of his liberty, subjected to criminal proceedings, and suffered emotional distress, reputational damage, financial hardship, and other harms.

**WHEREFORE,** Plaintiff demands judgment against the individual Defendants for compensatory and punitive damages, together with costs, attorneys' fees pursuant to **42 U.S.C. § 1988,** and such other and further relief as the Court deems just and proper.


## COUNT II

### Malicious Prosecution

### (42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)

### Against All Individual Defendants

53) Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54) This claim arises under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unlawful and malicious criminal prosecution.

55) Plaintiff was subjected to two separate criminal prosecutions: one in New York County (Manhattan) initiated by the 13th Precinct, and the other in Kings County (Brooklyn) initiated by the 69th Precinct. Both prosecutions were commenced without probable cause and were motivated by malice, or at a minimum, a reckless and callous disregard for Plaintiff's constitutional rights.

**56)** Defendants possessed substantial exculpatory material at the time of both arrests and during the course of prosecution, including but not limited to:

  a) Objective evidence that the complainant materially changed her version of events after arraignment;

  b) Internal contradictions between the complainant's sworn complaint, initial police report, and later grand jury testimony;

  c) Documentary proof of Plaintiff's work alibi that undermined the alleged timeline of the offense;

  d) A valid, court-issued order of protection in Plaintiff's favor, which directly contradicted the complainant's later claims of criminal trespass or unlawful contact.

**57)** Despite having access to this exculpatory evidence, Defendants—including but not limited to Detectives, Supervisors, and Officers of the NYPD—failed to investigate the complainant's credibility, interview neutral witnesses in a timely manner, or consider the substantial factual inconsistencies in her narrative.

**58)** Defendants' failure to corroborate Ena Bacquie Wong's allegations, despite her inconsistent statements (¶¶ 19, 31) and familial bias, violated Plaintiff's right to be free from malicious prosecution. People v. La Pene, 40 N.Y.2d 210, 224 (1976), requires "specific and articulable facts" for police action, and Florida v. J.L., 529 U.S. 266, 271 (2000), mandates corroboration of unreliable claims. By ignoring Plaintiff's exculpatory evidence (¶¶ 20, 26, 28) and allowing baseless charges to proceed, Defendants acted with reckless disregard, prolonging Plaintiff's unconstitutional prosecutions.

**59)** The District Attorney's Office, in reliance on these deficient and biased investigations, allowed both prosecutions to proceed with absent legal or factual support. At no point did any Defendant intervene or seek to halt the prosecutions based on the mounting evidence of Plaintiff's innocence.

**60)** The first prosecution was terminated in Plaintiff's favor on June 10, 2024, after a motion to dismiss was granted pursuant to CPL § 170.30(1)(e) for violation of Plaintiff's statutory right to a speedy trial.

**61)** The second prosecution was dismissed on or about March 14, 2025, following interviews with neutral third-party witnesses who categorically discredited the complainant's testimony and confirmed the implausibility of her version of events.

**62)** These prosecutions were initiated and maintained in bad faith and for improper purposes, resulting in Plaintiff's wrongful detention, reputational harm, emotional trauma, and substantial financial losses, including attorney's fees, lost income, and other litigation-related expenses.

**WHEREFORE,** Plaintiff demands judgment against the individual Defendants for compensatory and punitive damages, together with costs, attorneys' fees pursuant to **42 U.S.C. § 1988,** and such other and further relief as the Court deems just and proper.

## COUNT III

## Denial of Due Process

## (14th Amendment – 42 U.S.C. § 1983)

## Against All Individual Defendants

**63)** Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**64)** This claim arises under 42 U.S.C. § 1983 for violations of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution to be free from deprivations of liberty without procedural due process of law.

**65)** In both arrests and prosecutions, initiated by officers of the NYPD and sustained by the District Attorney's Offices in Manhattan and Brooklyn—Plaintiff was deprived of a constitutionally adequate opportunity to be heard before he was arrested, charged, and subjected to the criminal justice system.

**66)** Prior to the initiation of both prosecutions, Plaintiff attempted to provide relevant and material exculpatory evidence to law enforcement and prosecutorial authorities, including:

    a) A valid court-issued order of protection in his favor.

    b) Documentary proof of his alibi.

    c) Credible, third-party witness accounts directly refuting the complainant's allegations.

**67)** Despite these efforts, Plaintiff's evidence was ignored or summarily dismissed by the NYPD and prosecutors. No meaningful investigation was undertaken, and no steps were taken to reconcile the materially inconsistent versions of events presented by the complainant in her sworn complaint, police statements, and grand jury testimony.

**68)** The officers' refusal to investigate Ena Bacquie Wong's allegations, despite her status as Plaintiff's sister and her history of false reports (¶¶ 19, 27), denied Plaintiff a fair opportunity to challenge the accusations before his liberty was deprived. People v. William II, 98 N.Y.2d 93, 99 (2002), requires corroboration when a complainant's reliability is questionable, and Floyd v. City of New York, 959 F. Supp. 2d 540, 558 (S.D.N.Y. 2013), condemns NYPD reliance on unverified information. This failure constituted a procedural due process violation under the Fourteenth Amendment.

**69)** Plaintiff was denied the ability to challenge the allegations against him prior to arrest, and the charges were sustained without affording him a reasonable opportunity to contest their basis through any form of preliminary review or evidentiary hearing.

**70)** Moreover, after Plaintiff reported a serious safety concern involving an armed individual (James Howard) accompanying the complainant to a funeral home in violation of the protective order, NYPD officers failed and refused to take a counter-complaint or investigate the potential firearm threat—further denying Plaintiff the opportunity to seek official protection and redress.

**71)** The systemic refusal to accept or evaluate Plaintiff's evidence, combined with the failure to conduct even basic investigatory diligence, constitutes a clear violation of Plaintiff's procedural due process rights under the Fourteenth Amendment.

**72)** These failures were not isolated mistakes, but part of a pattern of deliberate disregard for procedural fairness in the handling of Plaintiff's claims. Plaintiff's repeated efforts to present exculpatory evidence were not only dismissed, but categorically ignored without explanation, demonstrating an institutional indifference to due process safeguards. Law

enforcement's failure to act amounted to a systemic violation, not merely individual
negligence.

73) As a direct and proximate result of these due process violations, Plaintiff suffered
deprivation of liberty, emotional distress, reputational harm, financial loss, and other
compensable injuries.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants for
compensatory and punitive damages, together with costs, attorneys' fees pursuant to **42 U.S.C. §
1988**, and such other and further relief as the Court deems just and proper.

# COUNT IV

## Equal Protection Violation (Gender Discrimination)

## (14th Amendment – 42 U.S.C. § 1983)

## Against All Individual Defendants

74) Plaintiff repeats and realleges each and every allegation set forth in the preceding
paragraphs as if fully set forth herein.

75) This claim arises under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the
Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

76) Plaintiff, a male, was treated unequally by the NYPD and the District Attorney's Offices
in both Manhattan and Brooklyn when compared to the female complainant, Ena Bacquie
Wong. The differential treatment was not justified by any legitimate government interest
and was motivated, in whole or in part, by gender-based discriminatory intent.

77) The officers' acceptance of Ena Bacquie Wong's narrative—despite contradictions, lack of corroboration, and countervailing documentary evidence—demonstrates a pattern of gender-biased enforcement. The conduct of the NYPD was not neutral; it reflected an implicit policy of presuming male guilt and female victimhood in familial disputes, in violation of Plaintiff's equal protection rights. People v. De Bour, 40 N.Y.2d 210, 215 (1976), and Florida v. J.L., 529 U.S. 266, 271 (2000), require corroboration of unreliable claims.

78) The officers' acceptance of Ena Bacquie Wong's narrative—despite contradictions, lack of corroboration, and countervailing documentary evidence—demonstrates a pattern of gender-biased enforcement. The conduct of the NYPD was not neutral; it reflected an implicit policy of presuming male guilt and female victimhood in familial disputes, in violation of Plaintiff's equal protection rights. In both incidents, law enforcement officers and prosecutors accepted the complainant's version of events at face value, despite glaring inconsistencies, material contradictions in her statements, and the absence of any physical or corroborating evidence.

79) The complainant's statements were altered multiple times and contradicted by both her own prior testimony and third-party witnesses. Nevertheless, her allegations were pursued with vigor and without scrutiny.

80) In contrast, Plaintiff's efforts to present exculpatory materials such as a valid protective order issued in his favor, a verifiable alibi, and neutral witness accounts—were ignored or dismissed outright. Plaintiff's repeated attempts to file counter-complaints, including reports involving a potentially armed individual, were refused without justification.

**81)** This disparate and discriminatory treatment denied Plaintiff equal protection under the law, as guaranteed by the Fourteenth Amendment, and was effectuated under color of state law in violation of 42 U.S.C. § 1983.

**82)** As a direct and proximate result of Defendants' gender-based discrimination, the Plaintiff suffered deprivation of liberty, emotional distress, reputational damage, and other economic and non-economic injuries.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants for compensatory and punitive damages, together with costs, attorneys' fees pursuant to **42 U.S.C. § 1988**, and such other and further relief as the Court deems just and proper.

# COUNT V

## Failure to Intervene

## (42 U.S.C. § 1983)

## Against All Individual Defendants

**83)** Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**84)** At all relevant times, each named officer and supervisor, acting under color of state law, had a duty and the opportunity to prevent, stop, or mitigate the constitutional violations committed against Plaintiff by other law enforcement officers.

85) These violations include, but are not limited to, the failure to conduct a proper and constitutionally adequate investigation, the unlawful arrests of Plaintiff without probable cause, the malicious continuation of prosecutions based on false or uncorroborated evidence, and the refusal to take action against the complainant despite the provided credible evidence of misconduct.

86) Supervisors were aware of the lack of probable cause and the need to corroborate Ena Bacquie Wong's allegations, as required by People v. William II, 98 N.Y.2d 93, 99 (2002), and People v. La Pene, 40 N.Y.2d 210, 224 (1976). Their failure to intervene in the face of unverified sibling complaints and Plaintiff's exculpatory evidence (¶¶ 20, 26, 28) enabled unconstitutional arrests and prosecutions, violating Plaintiff's Fourth and Fourteenth Amendment rights.

87) These supervisory officers possessed the authority and responsibility to intervene to stop unconstitutional conduct by subordinate officers but deliberately failed or refused to do so.

88) Their failure to intervene constitutes deliberate indifference to Plaintiff's clearly established constitutional rights and renders them liable for the resulting violations under 42 U.S.C. § 1983.

89) As a direct and proximate result of Defendants' failure to intervene, Plaintiff suffered the deprivation of his constitutional rights, including unlawful seizure, malicious prosecution, denial of due process, and unequal treatment, as well as emotional distress, reputational harm, and other damages.

**WHEREFORE,** Plaintiff demands judgment against the individual Defendants for compensatory and punitive damages, together with costs, attorneys' fees pursuant to **42 U.S.C. § 1988,** and such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff **RICHARD BACQUIE** respectfully requests judgment against all named Defendants, jointly and severally, as follows:

A. Compensatory Damages: Award Plaintiff compensatory damages in an amount not less than $25,000 for each unlawful arrest and prosecution (totaling at least $50,000), to fairly compensate for the tangible and intangible harms suffered, including but not limited to:

    i.   Loss of liberty, freedom, and movement during periods of arrest and court-imposed restrictions.

    ii.   Emotional distress, anxiety, and ongoing psychological trauma resulting from wrongful accusations, arrests, and prosecutions.

    iii.   Reputational damage in Plaintiff's personal and professional circles.

    iv.   Economic damage, including lost wages, legal expenses, and out-of-pocket costs incurred defending against two meritless prosecutions.

    v.   Impairment of Plaintiff's ability to mourn his mother's passing due to emotional interference caused by Defendants' misconduct.

- **B.** Punitive Damages: Award punitive damages against each individual Defendant officer and supervisor in their personal capacities, in an amount not less than $25,000 per Defendant (or as determined by the jury), to punish and deter their reckless or callous disregard for Plaintiff's constitutional rights, including willful indifference to exculpatory evidence and false allegations.

- **C.** Declaratory Relief: Declare that Defendants' acts and omissions—including the failure to investigate unverified complaints, acceptance of contradictory statements without verification, refusal to pursue Plaintiff's exculpatory evidence, and initiation/maintenance of prosecutions without probable cause—violated Plaintiff's Fourth and Fourteenth Amendment rights.

- **D.** Injunctive Relief: Enter a narrowly tailored injunction requiring that prior to initiating any future arrest or prosecution of Plaintiff based on a complaint from Ena Bacquie Wong, the NYPD must: (1) review all existing court orders relevant to both parties, (2) document steps taken to investigate the credibility of the complaint and any exculpatory materials provided by Plaintiff, and (3) require supervisor approval certifying that probable cause has been independently established through corroborated evidence. This injunction is necessary to prevent repetition of known patterns of constitutional violations involving the same complainant.

- **E. Costs and Fees:** Award litigation costs and expenses pursuant to 42 U.S.C. § 1988, including filing fees and other recoverable costs; and reasonable attorneys' fees under § 1988 if Plaintiff retains counsel or otherwise becomes eligible.

- **F. Other Relief:** Grant such other and further relief as the Court deems just and proper, including nominal damages if compensatory damages are not awarded.

-

DATED: September *16th*, 2025

Respectfully Submitted,

Richard Bacquie
470 Broadway #306
Bayonne, NJ 07002
646-726-8918
richbacquie@gmail.com

# **VERIFICATION**

I, Richard Bacquie, declare under penalty of perjury that the foregoing is true and correct to the

best of my knowledge.

DATED: September 16th, 2025

Respectfully Submitted,

Richard Bacquie
470 Broadway #306
Bayonne, NJ 07002
646-726-8918
richbacquie@gmail.com

# EXHIBIT A

# First Complaint

# 13th Precinct



# New York City Police Department
## Omniform System - Arrests

**RECORD CONTAINS SEALED INFORMATION.**
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

| RECORD STATUS: SEALED | Arrest ID: M24611764 - H |
|---|---|

| Arrest Location: INSIDE OF 230 EAST 21 STREET | Pct: 013 |
|---|---|

**Arrest Date: 03-07-2024**  Processing Type: ON LINE    Current Location of Perpetrator:

Time: **08:35:00**  DCJS Fax Number: **MO008348**  Borough: **Manhattan**

Sector: **A**  Special Event Code: **NO - NOT APPLICABLE**  Type: **ALL PD LOCATIONS**

Strip Search Conducted: **NO**  DAT Number:  Location: **013 PRECINCT**

Viper Initiated Arrest: **NO**  ICAD#

Stop And Frisk: **NO**  Return Date: **0000-00-00**

Serial #: **0000-000-00000**

| DAT Declined Reason(s): |
|---|
| **Family Offense** |

| COMPLAINTS: | | Arrest #: M24611764 |
|---|---|---|

COMPLAINT NUMBER  REPORT DATE  RECORD STATUS       OCCUR DATE OCCUR TIME

**2023-013-05196**  **2023-08-03**  Valid, Initial Arrests made **2023-08-03**  14:16

| SEALED | SEALED |
|---|---|

| CHARGES: | Arrest #: M24611764 |
|---|---|

CHARGE  ATTEMPT?  LAW CODE  CLASS  TYPE  COUNTS  DESCRIPTION       **LARCENY TYPE**

**TOP**  **No**  **PL 240.30 01 M**  **A**  **1 AGG HARASS 2-COMUNICATE THREAT**

| How Arrest came about: | | | # Injuries: 00 | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: | |
|---|---|---|---|---|---|---|---|---|
| Blood Specimen Taken: | Blood Specimen Refused: | Urine Specimen Taken: | Urine Specimen Refused: | Oral Fluid Specimen Taken: | Oral Fluid Specimen Refused: | Breath Sample Refused: | Breath Sample Reading: | BrAC: 0.0 |
| Role: **IDTU Technician** | Department: **NYPD** | Tax: **0** | Command: | Shield: **0** | Rank: | Last Name: | First Name: | MI: IDTU/Blood Case No: |
| Role: **Point Person** | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |
| Role: **Supv in Charge of Checkpoint** | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |

| SEALED | SEALED |
|---|---|

| DETAILS: | Arrest #: M24611764 |
|---|---|

Was the defendant recording police-related activity at time of arrest?
**NO**

**DEFT THREATENED TO KILL HIS SISTER OVER THE TELEPHONE.**

| SEALED | SEALED |
|---|---|

| DEFENDANT: BACQUIE, RICHARD | NYSID #: 08058330M | Arrest #: M24611764 |
|---|---|---|

Nick/AKA/Maiden:  Height: **6FT 3IN**  Order Of Protection: **NO**

Sex: **MALE**  Weight: **220**  Issuing Court:

Race: **BLACK**  Eye Color: **BROWN**  Docket #:

Age: **51**  Hair Color: **BLACK**  Expiration Date:

| | | |
|---|---|---|
| Date Of Birth: **11/24/1972** | Hair Length: **NORMAL** | Relation to Victim: **BROTHER** |
| U.S. Citizen: **YES** | Hair Style: **CAESAR** | Living together: **YES** |
| Place Of Birth: **USA** | Skin Tone: **MEDIUM** | Can be Identified: **YES** |
| Is this person not Proficient in English?: **NO** | Complexion: **CLEAR** | Veteran: **NO** |
| If Yes, Indicate Language: | | |
| Accent: **NO** | Soc.Security #: | |
| | Occupation: **UNKNOWN** | Suspected Gang Member: **NO** |
| Identification ID: | | Name: |
| Identification #: | | Reason for Suspected Gang Member Designation: |
| Physical Condition: **APPARENTLY NORMAL** | Lic/Permit Type: | |
| Drug Used: **NONE** | Lic/Permit No: | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 71 EAST 22 ND STREET | BAYONNE | NEW JERSEY | 07002 | 2FL | 000 |

Phone # and E-Mail Address:
**HOME: NONE**
**CELL: 646-721-8361**
**BUSINESS:NONE**
**E-MAIL: NONE**

N.Y.C.H.A. Resident: **NO** N.Y.C. Housing Employee: **NO** On Duty: **NO**
Development: N.Y.C. Transit Employee: **NO**

**Physical Force: NONE**

| | | |
|---|---|---|
| Gun: | | |
| Weapon Used/Possessed: **NONE** | Make: | Recovered: |
| Non-Firearm Weapon: | Color: | Serial Number Defaced: |
| Other Weapon Description: | Caliber: | Serial Number: |
| | Type: | |
| | Discharged: **NO** | |

Used Transit System: **NO**
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - WORK BOOTS - BROWN |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | OUTERWEAR - WAIST LENGTH JACKET - BLACK |
| CLOTHING | HEADGEAR - SKULLCAP - GRAY |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**SEALED**                                    **SEALED**

**JUVENILE DATA:**                    Arrest #: **M24611764**

Relative Notified: Personal Recog:
Number Of Priors: **0** Name:
School Attending: Phone Called:
Mother's Maiden Name: Time Notified:

**SEALED**                                    **SEALED**

**ASSOCIATED ARRESTS:**               Arrest #: **M24611764**

ARREST ID COMPLAINT #

**SEALED**                                    **SEALED**

## No Vehicles for Arrest #

SEALED SEALED

## DEFENDANTS CALLS:

Arrest #: **M24611764**

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|--------|---------------|------------------------------|------------------------------|--------------|----------------|
| **1** | - - | **REFUSED,REFUSED** | **REFUSED** | | **NO** |

SEALED SEALED

## INVOICES:

Arrest #: **M24611764**

INVOICE# COMMAND PROPERTY TYPE VALUE

SEALED SEALED

## ARREST RULES:

Arrest #: **M24611764**

**ORIGINAL ARREST PROCESSING TYP : O**
**OFFENCE DATE : 08/03/2023**
**AGE AT TIME OF OCCURRENCE : 50**
**AGE BAND : C_RTA_2019**
**JUV. OFFENDER CHARGE : , IS JUV .OFFENDER : FALSE**
**JUV. DELINQUENT CHARGE : , IS JUV.DELINQUENT : FALSE**
**JUV. ADOLESCENT CHARGE : , IS ADOLESCENT : FALSE**

SEALED SEALED

## ARRESTING OFFICER: **DT3 CHRISTOP D RICKFORD**

Arrest #: **M24611764**

| | | |
|---|---|---|
| Tax Number: **931036** | On Duty: **YES** | **Force Used: NO - No Force Used by any MOS** |
| Other ID (non-NYPD): **0** | In Uniform: **YES** | Type: |
| Shield: **5335** | Squad: **SM** | Reason: |
| Department: **NYPD** | Chart: **08** | Officer Injured: **NO** |
| Command: **240** | Primary Assignment: **INVESTIGATIVE** | Officer Body Worn Camera: **NO** |
| | | TRI **Number: 0000-000-00000 Suffix: 0** |

SEALED SEALED

| | Tax #: | Command: | Agency: |
|---|---|---|---|
| Arresting Officer Name:<br>**DT3 RICKFORD, CHRISTOP D** | **931036** | **240** | **NYPD** |
| Supervisor Approving:<br>**SGT CAO CHUCK P** | Tax #:<br>**952543** | Command:<br>**240** | Agency:<br>**NYPD** |
| Report Entered by:<br>**DT3 RICKFORD, CHRI** | Tax #:<br>**931036** | Command:<br>**240** | Agency:<br>**NYPD** |

**END OF ARREST REPORT**
M24611764

# EXHIBIT B

# Changed Statement

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Richard Bacquie (M 50),

Defendant.

FAMILY OFFENSE
DEFENDANT/VICTIM
RELATIONSHIP: Sister

**MISDEMEANOR**
ADA Kathryn Facelle
(212)335-3756



Ena Wong, of an address known to the District Attorney's Office, states as follows:

*The defendant is charged with:*

PL 240.30(1)(a)        Aggravated Harassment in the Second Degree
(defendant # 1 : 1 count)

On or about August 03, 2023 at about 02:52 PM, at the south east corner of 19th Street and 6th Avenue; in the County and State of New York, the defendant, with intent to harass another person, communicated, anonymously and otherwise, by telephone, by computer and another electronic means, and by mail, and by transmitting and delivering another form of communication, a threat to cause physical harm to, and unlawful harm to the property of, such person, and a member of such person's same family and household as defined in subdivision one of section 530.11 of the criminal procedure law, and the defendant knew and reasonably should have known that such communication would cause such person to reasonably fear harm to such person's physical safety and property and to the physical safety and property of a member of such person's same family and household;

*The factual basis for this charge is as follows:*

On August 3, 2023, I called the phone number to my mother's hospital room at Bayonne Medical Center and spoke on the telephone with the defendant, in which the defendant stated to me in substance, "Stay away from my mother you fucking bitch. I'm going to bash your head and I'm going to kill you. I'm going to wait for you, I know where you live and that's why everyone hates you."

I knew the defendant answered the hospital room's telephone and made the above mentioned statements to me because I recognized the caller's voice to be that of the defendant, and I recognized the number from which I spoke on the phone to be the phone number associated with my mother's hospital room.

The defendant's above-mentioned conduct caused me to feel annoyed, harassed, alarmed, threatened, and in fear for my physical safety.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK | FAMILY OFFENSE |
|---|---|

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Richard Bacquie (M 50),

Defendant.

FAMILY OFFENSE
DEFENDANT/VICTIM
RELATIONSHIP: Sister

**MISDEMEANOR**
ADA Kathryn Facelle
(212)335-3756

**False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.**

Ena Wong

Date 4/4/24   Time 2:06 pm

# EXHIBIT C
# First Dismissal

Certificate #: U-000009811-F



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500  Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
Non-Public
Version

| | |
|---|---|
| The People of the State of New York<br>vs.<br>**Richard Bacquie** | **Certificate of Disposition**<br>Docket Number:  **CR-007001-24NY**<br><br>CJTN:  70629535Y<br>NYSID:  08058330M |
| Defendant DOB: **11/24/1972** | Arrest Date: **03/07/2024**    Arraignment Date: **03/07/2024** |

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 240.30 01A AM Agg Harassment 2 - Threat **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 06/10/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **June 10, 2024**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



# EXHIBIT D
# Second Complaint

# DOMESTIC INCIDENT REPORT

| | Crime/Condition | Command |
| --- | --- | --- |
| | | 069-69TH PRECINCT |
| | | **Date of This Report** |
| | | 05/15/2024 |

| Date Reported | Complaint No. 2024-069-02230 | Date Case Assigned 05/11/2024 | Case No. 2024 - 1171 | Unit Reporting | Follow-Up No. 1 |
| --- | --- | --- | --- | --- | --- |

| Topic/Subject (DOMESTIC INCIDENT REPORT) DIR INFORMATION | Activity Date 05/11/2024 | Activity Time 00:00 |
| --- | --- | --- |

| Agency N.Y. POLICE DEPT | ORI NY03030002 | NYPD DOMESTIC INCIDENT REPORT | | Incident # 2024-069-001232 | | Complaint # 2024-069-002230 |
| --- | --- | --- | --- | --- | --- | --- |
| Date of Report 05/11/2024 | Time of Report 1800 | Date of Occur 05/10/2024 | Time of Occur 1900 | Response Type WALK-IN | ICAD # | ICAD N/A Reason: | Other Reason: |
| Unfounded NO | Address of Occurrence 9222 FLATLANDS AVENUE BROOKLYN NY | | Pct 69 | PSA | Name of Development | Sector C | Body Worn Camera |

## Victim: WONG, ENA

| Victim's Last Name, First M.I. WONG, ENA | Alias | Address | | Pct 10 | PSA |
| --- | --- | --- | --- | --- | --- |
| Sex: FEMALE Self-Identified: Race: BLACK Ethnicity: HISPANIC Language: ENGLISH | Date of Birth: Age: | Home Phone: Other Phone: | Member of Service: NO | | |
| SAFE# or way to contact | | Other Identifier | | | |
| Drug Use? | Drug Type | Other: | Alcohol Use? | | Alcohol Describe |

## Suspect: BACQUIE, RICHARD

| Suspect's Last Name, First M.I.: BACQUIE  RICHARD | Alias | Address 68 COTTAGE ST JERSEY CI NJ | | Pct | PSA |
| --- | --- | --- | --- | --- | --- |
| Sex: MALE Self-Identified: Race: BLACK Ethnicity: HISPANIC Language: ENGLISH | Date of Birth: 11/24/1972 Age: 51 | Home Phone: 646 726-8918 Other Phone: | Member of Service: NO | | |
| Do suspect and victim live together? NO | Suspect (P2) Relationship to Victim (P1): RELATIVE - BROTHER | Suspect/P2 Present? NO | Was suspect injured? NO | | |
| Drug Use? | Drug Type | Other: | Alcohol Use? | Alcohol Describe | |
| Do the suspect and victim have a child in common? NO | Possible drug or alcohol use? | If yes, describe drug or alcohol | Suspect supervised? | | |

## Victim Interview

| Emotional condition of VICTIM? Upset. |
| --- |

| What were the first words that VICTIM said to the Responding Officers at the scene regarding the incident? |
|---|
| I NEED TO MAKE A REPORT AGAINST MY BROTHER |

| Did suspect make victim fearful? YES UNK | | Weapon Used? | Gun: | Access to Guns? NO | Injured? NO | In Pain? NO |
|---|---|---|---|---|---|---|
| Suspect Threats? | | | | Strangulation? NO | Visible Marks? NO | |

| Suspect |
|---|
| What did the SUSPECT say (Before and After Arrest) : |
| 710.30 completed? |

| Child/Witness | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person's Last Name,First M.I. | Alias | Address | Relationship | Date of Birth | Phone | PCT 0 | Sector | PSA 0 |

| Incident Narrative |
|---|
| **Briefly Describe the circumstances of this incident:** |
| At tpo p1 states that p2 violated her order of protection by approaching p1 with closed fists and stating to her that "he was going to go to jail tonight". |
| 1-possibly drives a BMW<br>2- Unk hangout<br>3- Unk occupation<br>4- social media- Facebook- Bacqule Richard |

| DIR Repository checked YES | Order of Protection Registry checked? YES | Order of Protection in effect? YES | Order of Protection Type? |
|---|---|---|---|

| Evidence | | | |
|---|---|---|---|
| Evidence Present | Photos Taken: | Other Evidence: | Destruction of Property? |

| Offense | | | | | |
|---|---|---|---|---|---|
| Offense Committed? YES | Was suspect arrested? NO | Non Arrest Reason SUSPECT OFF-SCENE | | | |
| Offense Description | Law | Section | Charged | Offenses Involved | Attempted/Completed COMPLETED |

| Prior History |
|---|
| **Describe Victim's prior domestic incidents with this suspect (Last, Worst, First):** |
| prior dispute and threats |

| Has Suspect ever: | | | | | |
|---|---|---|---|---|---|
| If the Victim answers "yes" to any questions in this box refer to the NYS Domestic and Sexual Violence Hotline at 1-800-942-6906 or Local Domestic Violence Service Provider. | | | | | Local Domestic Violence Service Provider Phone No. |
| Threatened to kill you or your children? YES | Strangled or "choked" you? NO | Beaten you while you were pregnant? NO | Is suspect capable of killing you or children? YES | Is suspect violently and constantly jealous of you? NO | Has the physical violence increased in frequency or severity over the past 6 months? NO |

| Interpreter | | | |
|---|---|---|---|
| Interpreter Used | Interpreter Requested | Interpreter's Last Name, First | Internet Service Provider |

| Statement Completed | | Language | Other Language |
|---|---|---|---|

### Statement of Allegations/Supporting Desposition

I was accompanied by my sister Sabrina Bacque and Jamed Howard to attend my mother's (Gracella Baque's) funeral to view my mother's body with my sister and James Howard (my mother was being alienated by her choosing of Richard Bacque I attempted to hire a security firm for fear of my safety and like _CB and ep cooperation security firm that did not show, upon arriving at Guarino funeral home, Richard Bacque approached James Howard with demands and questioning in the area when my mother was being viewed I left the room in fear (after disrupting with Richard Bacque and Francisco Medina who told James Howard we must leave thereafter Richard Bacque came raging at me saying I'm going to jail tonight, his fist were clutched and I was in fear and called 911. after 911 at approx 7 05pm due to my fear me and my sister and James Howard fled the funeral home then were a few men who held Richard Bacque away from coming at me from what (ILLEGIBLE) I called 911 and me and my sister and James Howard left the funeral home in fear for my safety and overall wellbeing by the threats made by Richard Bacque. we did not attend my mother's church service held today at St Michael's church in Brooklyn 231 Jerome Ave

**Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment?**

| Was DIR given to the victim at scene?<br>YES | If No, Why?: | Was Victim Rights Notice given to victim<br>YES | If No, Why?: | Entered By TaxID<br>939536 | Entered By Date<br>05/11/2024 |
|---|---|---|---|---|---|
| **Reporting Officer:** | Jurisdiction<br>N.Y. POLICE DEPT | Name<br>BERMUDEZ , JOSE | Rank<br>PO | Tax ID<br>954547 | Date<br>05/11/2024 |
| **Detective Assigned:** | Name | | Rank | Tax ID | Date |
| **Supervisor Sign-off:** | Name<br>VIVAS  MIGUEL | | Rank<br>SGT | Tax ID<br>955642 | Date<br>05/30/2024 |

| Reporting Officer: | Rank<br>PO | Name<br>JOHN STIENE | | Tax Reg. No.<br>939536 | Command<br>069-69TH PRECINCT |
|---|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed:<br>05/30/2024 | Date of Next Review | Name<br>MIGUEL VIVAS | Supv. Tax No.<br>955642 |

| Agency | | | | | |
|---|---|---|---|---|---|
| Reported Date | Time of Report | Occurred Date | Time (24 hours) | Officer Injured | Robbery/Run | Warrant |

69 - 1732
69 - 2230

**Incident**
Address

**Victim (P1)**
Name
Address
City, State, Zip
How can we safely contact you?
☑ Female ☐ Male
☐ Self-Identified
Language:

DOB ___ Age
☐ White ☐ Black ☐ Asian ☐ Hispanic ☐ Non-Hispanic ☐ Unknown
☐ American Indian ☐ Other ☐ Other Identifier

**Suspect (P2)**
Name
Address
City, State, Zip
☐ Female ☑ Male
☐ Self-Identified
Language:
641 74 471K

☐ White ☑ Black ☐ Asian ☐ Hispanic ☐ Non-Hispanic ☐ Unknown
☐ American Indian ☐ Other ☐ Other Identifier

Do suspect and victim live together? ☐ Yes ☑ No
Suspect (P2) Relationship to Victim (P1) ☐ Married ☐ Intimate Partner/Dating ☐ Formerly Married ☐ Former Intimate Partner
☐ Parent of Victim (P1) ☐ Child of Victim ☐ Relative ☐ Other

Emotional condition of VICTIM? ☑ Upset ☐ Nervous ☐ Crying ☐ Angry ☐ Other

**Victim Interview**
What were the first words that VICTIM said to the Responding Officers at the scene regarding the incident?

Did suspect make victim fearful? ☑ Yes ☐ No if yes, describe

Weapon Used? ☐ Yes ☐ No Gun ☐ Yes ☐ No Other, describe
Access to Guns? ☐ Yes ☑ No if yes describe
Injured? ☐ Yes ☐ No if yes, describe
In Pain? ☐ Yes ☐ No if yes, describe
What did the SUSPECT say

Suspect Threats? ☐ Yes ☐ No if yes, describe
Strangulation? ☐ Yes ☐ No
Visible Marks? ☐ Yes ☐ No if yes, describe

**Suspect**
710-10 completed? ☐ Yes ☐ No

**Witnesses**
Child/Witness (1) Name, Last, First, M.I.   DOB   Child/Witness(1) Address   City, State, Zip   Phone
Child/Witness (2) Name, Last, First, M.I.   DOB   Child/Witness(2) Address   City, State, Zip   Phone

**Incident Narrative**
Briefly describe the circumstances of this incident

**Offense/Evidence**
DIR Repository checked? ☑ Yes ☐ No   Order of Protection Registry checked? ☐ Yes ☐ No   Order of Protection in effect? ☑ Yes ☐ No ☐ Refrain ☑ Stay Away
Evidence Present? Photos taken ☐ Visible Injury ☐ Suspect Injury  Other Evidence: ☐ Damaged Property ☐ Videos   Destruction of Property? ☐ Yes ☐ No
☐ Yes ☐ No ☐ Other   ☐ Remaining Evidence ☐ Other
Offense Committed? ☑ Yes ☐ No   Was suspect arrested? ☐ Yes ☐ No   Offense 1   Law   Offense 2   Law

POLICE COPY (Please make a copy for DA's office if appropriate)
NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906   1221-6.5DR22 DCJS Copyright © 2022 by NYS DCJS

| B | ORI | Incident # | Complaint # 69-2230 |
|---|---|---|---|

Victim's prior domestic incidents with this suspect (last, first ...)

Prior Hist.

If the Victim answers "yes" to any questions in this box refer to the NYS Domestic and Sexual Violence Hotline at 1-800-942-6906 or Local Domestic Violence Service Provider: ( ) ___

Has Suspect ever:

Threatened to kill you or your children? ☒ Yes ☐ No

Strangled or "choked" you? ☐ Yes ☒ No

Beaten you while you were pregnant? ☐ Yes ☒ No

Is suspect capable of killing you or children? ☒ Yes ☐ No

Is suspect violently and constantly jealous of you? ☐ Yes ☒ No

Has the physical violence increased in frequency or severity over the past 6 months? ☐ Yes ☒ No

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment? ☐ Yes ☐ No

If Yes, the Officer must contact the NYS Child Abuse Hotline Registry # 1-800-635-1522

Was DIR given to the Victim at the scene? ☐ Yes ☐ No If NO, Why

Was Victim Rights Notice given to the Victim? ☐ Yes ☐ No If NO, why

Signatures:

Reporting Officer

Supervisor

## STATEMENT OF ALLEGATIONS/SUPPORTING DEPOSITION

* Officers are encouraged to assist the Victim in completing this section of the form.

**Suspect Name**

I, [illegible] (Victim/Deponent Name) state that on [illegible] (Date) at [illegible] (Location of incident) in the County/City/Town/Village [illegible] of the State of New York, the following did occur: [illegible] accompanied by my sister [illegible] and [illegible] [illegible] (Garcia [illegible]) [illegible] my [illegible] with [illegible] was being choked [illegible] [illegible] [illegible] [illegible] Upon arriving at [illegible] Richard [illegible] [illegible] my mother was being [illegible] [illegible] Richard [illegible] [illegible] [illegible]

False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.

Victim/Deponent Signature

Date 5/1/24

Witness or Officer Signature

Date

Advocate Signature and Name/Other Service Provider Name

Advocate Requested ☐ Yes ☐ No Interpreter Used ☐ Yes ☐ No

Date

**Note:** Whether or not this form is signed, this DIR Form will be filed with Law Enforcement.

POLICE COPY

NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906

ORI No:    NY0100313J
Order No:  2024-003312
NYSID No: 08058330M
CJTN No:  706295235V

Criminal Form 1 12/2020

At a term of the New York Criminal Court, County of New York, at the Courthouse at 100 Centre St., New York, NY 10013, State of New York

PRESENT  Honorable Michael J. Gaffey

ORDER OF PROTECTION
Family Offenses - C.P.L. 530.12

PEOPLE OF THE STATE OF NEW YORK
- against -

Richard Bacquie,
Defendant

DOB  11/24/1972

Youthful Offender (check if applicable)

Part APAR3A    Case No.  CR-007001-24NY

Charges: PL 240.30 01A AM Agg Harassment 2 - Threat, 1 count(s) of A Misd

Defendant Present in Court

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER

[x] TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of recognizance]

[ ] ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation] ;

And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-named defendant Richard Bacquie (DOB: 11/24/1972) observe the following conditions of behavior:

[01] Stay away from [A]  ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding;
[B]  the home of ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding;
[C]  the school of ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding;
[D]  the business of ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding;
[F]  the place of employment of ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding.

[04]  Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with ENA WONG except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody visitation or child abuse or neglect proceeding;

[02]  Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against ENA WONG;

[04]  Refrain from ANY AND ALL ACTS that create an unreasonable risk to the health, safety or welfare of ENA WONG;

[12]  Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: ANY AND ALL FIREARMS and do not obtain any further guns or other firearms  Such surrender shall take place immediately, but in no event later than IMMEDIATELY at NEAREST LOCAL PRECINCT.

[99]  Observe such other conditions as are necessary to further the purposes of protection: NO THIRD PARTY CONTACT.

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13A] suspended, and [13C] the Defendant shall remain ineligible to receive a firearm license during the period of this order.

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including 09/08/2024, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.
DATED: 03/07/2024

[x] Defendant advised in Court of issuance and contents of Order.
[ ] Order to be served by other means [specify] _____
[ ] Warrant issued for Defendant
[x] Order personally served on Defendant in Court

Honorable Michael J. Gaffey
(Defendant's signature)

[ ] ADDITIONAL SERVICE INFORMATION [specify]:

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law

Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state  the District of Columbia, a commonwealth, territory of possession of the United States  if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265  2266)

It is a federal crime to:
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while that Order remains in effect (Note: there is a limited exception for military or law enforcement officers for firearms they use on duty); and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 USC §922(g)(8), §922(g)(9), §921, §2261, §2262)

| Agency N.Y. POLICE DEPT | ORI NY03030002 | NYPD DOMESTIC INCIDENT REPORT | | Incident # 2023-013-000676 | | Complaint # 2023-013-005196 | |
|---|---|---|---|---|---|---|---|
| Date of Report 08/03/2023 | Time of Report 1620 | Date of Occur 08/03/2023 | Time of Occur 1400 | Response Type WALK-IN | ICAD # | ICAD N/A Reason: | Other Reason: |
| Unfounded NO | Address of Occurrence EAST 24 STREET MANHATTAN NY | | | Pct 13 | PSA | Name of Development | Sector D | Body Worn Camera No |

**Victim: WONG, ENA**

| Victim's Last Name, First M.I. WONG, ENA | Alias | Address ███████████ | | Pct 10 | PSA |
|---|---|---|---|---|---|
| Sex: FEMALE Self-Identified: Race: BLACK Ethnicity: Language: ENGLISH | Date of Birth: ███████ Age: 57 | Home Phone: ██████ Other Phone: | | Member of Service: NO | |
| SAFE# or way to contact PHONE | | Other Identifier | | | |
| Drug Use? | Drug Type | Other: | Alcohol Use? | Alcohol Describe | |

**Suspect: BACQUIE, RICHARD**

| Suspect's Last Name, First M.I.. BACQUIE, RICHARD | Alias | Address | | Pct | PSA |
|---|---|---|---|---|---|
| Sex: MALE Self-Identified: Race: BLACK Ethnicity: Language: ENGLISH | Date of Birth: 11/24/1972 Age: 50 | Home Phone: 646 721-8361 Other Phone: | | Member of Service: NO | |
| Do suspect and victim live together? NO | Suspect (P2) Relationship to Victim (P1): RELATIVE - BROTHER | Suspect/P2 Present: NO | Was suspect injured? NO | | |
| Drug Use? NO | Drug Type | Other: | Alcohol Use? NO | Alcohol Describe | |
| Do the suspect and victim have a child in common? NO | Possible drug or alcohol use? | If yes, describe drug or alcohol | Suspect supervised? | | |

| | | | | Status Unknown |
|---|---|---|---|---|

## Victim Interview

**Emotional condition of VICTIM?**

**What were the first words that VICTIM said to the Responding Officers at the scene regarding the incident?**
NEED TO FILE A REPORT MY BROTHER THREATENED MY LIF

| Did suspect make victim fearful? YES VICTIM WAS SCARED FOR HER LIFE | Weapon Used? | Gun: | Access to Guns? NO | Injured? NO | In Pain? NO |
|---|---|---|---|---|---|
| Suspect Threats? Victim, | | | Strangulation? NO | Visible Marks? NO | |

## Suspect

**What did the SUSPECT say (Before and After Arrest) :**
"STAY AWAY FROM MY MOTHER YOU FUCKING BITCH IM GOING TO BASH YOUR HEAD AND IM GOING TO KILL YOU, IM GOING TO WAIT FOR YOU I KNOW WHERE YOU LIVE AND THATS WHY WVERYONE HATES YOU"

**710.30 completed?**

## Child/Witness

| Person's Last Name,First M.I. | Alias | Address | Relationship | Date of Birth | Phone | PCT 0 | Sector | PSA 0 |
|---|---|---|---|---|---|---|---|---|

## Incident Narrative

**Briefly Describe the circumstances of this incident:**
P1 WAS ON THE CORNER OF WEST 24 STREET AND 6 AVE WHERE P1 WAS GOING TO CALL MOTHER BECAUSE MOTHER WAS IN THE HOSPITAL. WHILE P1 WAS CALLING P2 PICK UP THE PHONE CALL AND THREAT P1 THEREFORE P1 WAS SCARED FOR HER LIFE

P2 HAS A CAR UNKNOWN MAKE OR MODEL
P2 WORKS AS A FOREMAN
P2 HANGS OUT IN EAST NEW YORK
P2 HAS INSTAGRAM SHAMBA147
P2 HAS NO ACCESS TO GUNS

| DIR Repository checked NO | Order of Protection Registry checked? NO | Order of Protection in effect? NO | Order of Protection Type? |
|---|---|---|---|

## Evidence

| Evidence Present YES | Photos Taken: YES CALL LOG | Other Evidence: | Destruction of Property? NO |
|---|---|---|---|

## Offense

| | | Non Arrest Reason | |
|---|---|---|---|

| Offense Committed?: YES | Was suspect arrested?: NO | PHONE CALL WAS MADE | | | |
|---|---|---|---|---|---|
| Offense Description | Law 639 | Section 24030 | Charged | Offenses Involved MISDEMEANOR | Attempted/Completed COMPLETED |

### Prior History

**Describe Victim's prior domestic incidents with this suspect (Last, Worst, First):**
JULY 1 2023 P1 WAS IN FLORIDA P2 MADE VIOLENT THREATS

### Has Suspect ever:

| If the Victim answers "yes" to any questions in this box refer to the NYS Domestic and Sexual Violence Hotline at 1-800-942-6906 or Local Domestic Violence Service Provider. | | | | | Local Domestic Violence Service Provider Phone No. |
|---|---|---|---|---|---|
| Threatened to kill you or your children? YES | Strangled or "choked" you? NO | Beaten you while you were pregnant? NO | Is suspect capable of killing you or children? NO | Is suspect violently and constantly jealous of you? NO | Has the physical violence increased in frequency or severity over the past 6 months? NO |

### Interpreter

| Interpreter Used | Interpreter Requested | Interpreter's Last Name, First | Internet Service Provider |
|---|---|---|---|

### Statement Completed

| | Language | Other Language |
|---|---|---|

**Statement of Allegations/Supporting Desposition**
ON 8/3/23 APPROX- LOCATION RICHARD BACQUIE ANSWERED MY MOTHER'S HOSPITAL ROOM (270 ) @ BAYONE MEDICAL CENTER ANSWERED THE PHONE STATED " STAY AWAY FROM MOM YOU BITCH" " I WILL FIND YOU" "WAIT FOR YOU AT YOUR APARTMENT + KILL YOU + FUCK YOU UP" IM SCARED FOR MY LIFE OF THE SUBJECT "

**Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment?**

| Was DIR given to the victim at scene? YES | If No, Why?: | Was Victim Rights Notice given to victim YES | If No, Why?: | Entered By TaxID 362473 | Entered By Date 08/04/2023 |
|---|---|---|---|---|---|
| Reporting Officer: | Jurisdiction N.Y. POLICE DEPT | Name MONTESDEOCA , JAMES | Rank POM | Tax ID 972808 | Date 08/04/2023 |
| Detective Assigned: | Name | | Rank | Tax ID | Date |
| Supervisor Sign -off: | Name NIKISHIN , IVAN | | Rank SGT | Tax ID 952054 | Date 08/06/2023 |

# EXHIBIT E

Second Change In Statement

Grand Jury Minutes

.

2    THE PEOPLE OF THE STATE OF NEW YORK  :

3

4                          PLAINTIFF,     :

5

6           against               :    4824 / 2024

7

8    RICHARD BACQUIE,                     :

9

10                         DEFENDANT(S)   :

12

13                       September 9, 2024

14

15

16

17

18   ERIC GONZALEZ, ESQ., DISTRICT ATTORNEY, KINGS COUNTY

19   LUKE KUSHNER, ESQ., Assistant District Attorney

20

21

22                         DANA SCHAAF

23                    REPORTER/STENOGRAPHER

24

25   D.S.

```
 1                      I N D E X

 2

 3

 4   WITNESS                                    PAGES

 5

 6   ENA WONG                                   5, 10

 7

 8

 9

10                   E X H I B I T S

11

12   NUMBER          DESCRIPTION              PAGE

13

14

15                      NONE

16

17

18

19

20               JURY   CHARGE

21

22                      NONE

23

24

25
```





Q.   You may take a seat.  Please make yourself comfortable.

     I would also just ask that you speak loudly and slowly so that everyone can hear you and the court reporter can get everything down.

A.   Yes.

Q.   Can you please state your full name?

A.   Eva Wong.

Q.   Ms. Wong, I want to direct your attention to May 10th, 2024 at approximately 7:10 p.m.

     Where were you at this time?

A.   I was at Guarino Funeral Home at 9222 Flatlands Avenue in Brooklyn, New York.

Q.   And what if anything happened at that time and at that location?

A.   I went to go see my mother's body.  And as I was leaving the room with my mother's body, I was approached by a Richard Bacquie with his fist.  And he came towards me saying, I'm going to go to jail tonight, bitch.  I'm going to kill you.

Q.   First, I want to apologize and say I'm sorry for your loss.

A. Thank you.

Q. And can you please explain to us who is Richard Bacquie?

A. Richard Bacquie is my biological brother.

Q. And what's the relationship with him like?

A. I don't have a relationship with him. It's not been a relation for many, many years.

Q. And at the time of May 10th, 2024, did you have an Order of Protection against him?

A. Yes, I did.

Q. And when you say he came up to you, how close was he to you?

A. Within feet. He was approaching me with his fists. And I was towards the corner of the -- almost near the doorway, exit way of the funeral home. His friends held him down. His friends came running and held him down, and he fled the building and he left.

Q. And you also left the building; is that right?

A. Yes.

Q. At any point, did you report this to the police, this incident?

A. Immediately. I called 911 while I was there.

Q. And then what happened?

A. And then they said they were on their way. And they were taking quite some time, so my older

```
 1    sister said we need to leave in fear of what could have
 2    happened next.  So we got in the -- into the car and
 3    called 911 again.
 4    Q.   And then what happened?
 5         A.   I was advised to go the nearest precinct.
 6    Q.   And did you make a report at that precinct?
 7         A.   I went to the 75th precinct in Brooklyn.
 8    Q.   And you made a report; is that right?
 9         A.   Yes.
10    Q.   Did you later identify Richard Bacquie to the
11    police?
12         A.   Yes.
13    Q.   Thank you very much.  You may step down.
14
15
16         (Whereupon, the Witness exited the Grand Jury
17    room.)
18
19
20
21
22
23
24
25
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23          (Whereupon, the Assistant District Attorney exited
24      the Grand Jury room.)
25

1

2          (Whereupon, the Witness entered the Grand Jury

3     Room.)

4

5

6          (Whereupon, the Assistant District Attorney

7     entered the Grand Jury room.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ENA WONG, RECALLED

Q.  Just to be clear, Richard never struck you; is
that correct?

    A.  No, he didn't get a chance to.

Q.  But you were fearful for your life in that moment;
is that right?

    A.  Yes, and I live in fear every day.

Q.  Did you fear he was going to hit you?

    A.  Yes, I thought he was going to hurt me.  Yes.

Q.  Thank you.  You may step down.


    (Whereupon, the Witness exited the Grand Jury
room.)



(IN PART)

C E R T I F I C A T I O N

2

3      I, Dana Schaaf, a Grand Jury Reporter within

4   and for the State of New York, County of Kings, do

5   hereby certify:

6   that to the best of my ability the foregoing is a true

7   and accurate transcript of the original stenographic

8   minutes that I took of the grand jury proceeding

9   conducted in the above matter.

10

11      IN WITNESS WHEREOF, I have hereunto set my hand

12   on 09/09/2024.

13

14

15

16

17

18

19   ___  ___  _____

20                    Reporter/Stenographer

21

22

23

24

25

# EXHIBIT F

Signed Indictment

# INDICTMENT

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

---

THE PEOPLE OF THE STATE OF NEW YORK

                                             INDICTMENT NO.
                                             GRAND JURY NO. 04824-2024

                AGAINST                      RED ZONE

XP.    RICHARD BACQUIE
          DEFENDANT
          CR-034315-24KN

---

COUNTS

        CRIMINAL CONTEMPT IN THE FIRST DEGREE
        CRIMINAL CONTEMPT IN THE SECOND DEGREE
        MENACING IN THE THIRD DEGREE

A TRUE BILL

FOREPERSON

                               Eric Gonzalez
                               DISTRICT ATTORNEY

## FIRST COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT, RICHARD BACQUIE, OF THE CRIME OF CRIMINAL CONTEMPT IN THE FIRST DEGREE [PL 215.51(B)(VI)] COMMITTED AS FOLLOWS:

THE DEFENDANT, RICHARD BACQUIE, ON OR ABOUT MAY 10, 2024, IN THE COUNTY OF KINGS, IN VIOLATION OF A DULY SERVED ORDER OF PROTECTION, OR SUCH ORDER OF WHICH THE DEFENDANT HAS ACTUAL KNOWLEDGE BECAUSE HE OR SHE WAS PRESENT IN COURT WHEN SUCH ORDER WAS ISSUED, OR AN ORDER OF PROTECTION ISSUED BY A COURT OF COMPETENT JURISDICTION IN THIS OR ANOTHER STATE, TERRITORIAL OR TRIBAL JURISDICTION, DEFENDANT, BY PHYSICAL MENACE, INTENTIONALLY PLACED OR ATTEMPTED TO PLACE A PERSON FOR WHOSE PROTECTION SUCH ORDER WAS ISSUED, NAMELY: ENA WONG, IN REASONABLE FEAR OF DEATH, IMMINENT SERIOUS PHYSICAL INJURY OR PHYSICAL INJURY.

## SECOND COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT, RICHARD BACQUIE, OF THE CRIME OF CRIMINAL CONTEMPT IN THE SECOND DEGREE [PL 215.50(3)] COMMITTED AS FOLLOWS:

THE DEFENDANT, RICHARD BACQUIE, ON OR ABOUT MAY 10, 2024, IN THE COUNTY OF KINGS, INTENTIONALLY DISOBEYED OR RESISTED THE LAWFUL PROCESS OR OTHER MANDATE OF A COURT.

## THIRD COUNT

THE GRAND JURY OF THE COUNTY OF KINGS BY THIS INDICTMENT, ACCUSES THE DEFENDANT, RICHARD BACQUIE, OF THE CRIME OF MENACING IN THE THIRD DEGREE [PL 120.15] COMMITTED AS FOLLOWS:

THE DEFENDANT, RICHARD BACQUIE, ON OR ABOUT MAY 10, 2024, IN THE COUNTY OF KINGS, BY PHYSICAL MENACE, INTENTIONALLY PLACED, OR ATTEMPTED TO PLACE, ENA WONG IN FEAR OF DEATH, IMMINENT SERIOUS PHYSICAL INJURY, OR PHYSICAL INJURY.

ERIC GONZALEZ
DISTRICT ATTORNEY

*Eric Gonzalez*



Date: February 28, 2024



Ena Bacquie Wong

_____

Signature of Attorney, if any

_____

Attorney's Name (Print or type)

_____

Attorney's Address

_____

Attorney's Phone Number

_____

[1] Unless ordered confidential, pursuant to Family Court Act §154-b, because disclosure would pose an unreasonable risk to the health or safety of the party. See Forms GF-21 and 21a, available at www.nycourts.gov.

# EXHIBIT G

Second Dismissal

# KINGS SUPREME CRIMINAL COURT

320 Jay Street, Brooklyn, NY 11201

**FEE**

**Non-Public Version**

Court ORI: NY023015J

The People of the State of New York
vs.
**Richard Bacquie**

**Certificate of Disposition**
Docket Number:   **IND-75679-24/001**

CJTN:          **70824352N**
NYSID:         **08058330M**

Defendant DOB: **11/24/1972**          Arrest Date: **08/15/2024**          Arraignment Date: **10/16/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Supreme Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 215.51 BVI EF Crim Contempt-1st:Phys Menace **SEALED 160.50** | EF | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/19/2025 |
| 2 | PL 215.50 03 AM Crim Contempt-2nd:Disobey Crt **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/19/2025 |
| 3 | PL 120.15 BM Menacing-3rd **SEALED 160.50** | BM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/19/2025 |

Charge Weight Key: I–Infraction; V–Violation; AM, BM –Class Misdemeanor; UM—Unclassified Misdemeanor; AF, BF, CF, DF, EF–Class Felony

Dated:   **March 14, 2025**          _____
                                        Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.
CPL 160.50:          All official records (excluding published court decisions or opinions or records and briefs on the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office or public or private agency.

**SEALED**

# EXHIBIT H

EMAIL AND TEXT MESSAGES

 Gmail

Richard Bacquie <richbacquie@gmail.com>

## Richard Bacquie TRO NJ
1 message

**Richard Bacquie** <richbacquie@gmail.com>
To: John.stiene@nypd.org

Tue, Aug 13, 2024 at 9:59 AM

Good morning

Please find the attached continuance order form NJ against Ena Bacquie aka ENA WONG.

Respectfully,

Richard Bacquie

📄 **ContinuanceOrderAction -2487.pdf**
403K

Chat with +19177940977

[8/8/24 4:35 PM] (917) 794-0977: Officer Steen
69th Precinct
9720 Foster Avenue Brooklyn
8am Thursday August 15

[8/8/24 4:35 PM] (917) 794-0977: Any questions this is my cell

[8/8/24 4:37 PM] Me: Ok

[8/9/24 9:21 AM] Me: Good morning, Officer Steen,

I also forgot to tell you we had a hearing on this TRO in New york Court date. It is
set for September 27th, 2024, in Manhattan virtually, and she never mentioned this
allegation. Is it recently filed

[8/9/24 9:24 AM] (917) 794-0977: It was filed may 11th. I have no idea why she
didn't say anything

[8/9/24 9:31 AM] Me: Wow ok thanks see you Thursday

[8/13/24 9:46 AM] Me: Good morning Officer Steen do you want me to send you a copy
of my continuance order from NJ.


[8/13/24 9:51 AM] (917) 794-0977: Sure that's fine

[8/13/24 9:54 AM] Me: Where should I email it

[8/13/24 9:54 AM] (917) 794-0977: John.stiene@nypd.org

[8/13/24 12:52 PM] Me: Sent

[8/13/24 1:02 PM] (917) 794-0977: Copy. Received